The STATE of Texas, Appellant,

v.

Benigno Emilio AGUIRRE, Jr., Appellee.

No. 14–98–00834–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1999.

Rob Neal, Bryan, for appellants.

Michael J. West, Brenham, for appellees.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

LESLIE BROCK YATES, Justice.

Appellee, Benigno Emilio Aguirre Jr., was charged with theft of a credit card. *See* TEX. PEN.CODE ANN. § 31.03 (Vernon 1994). He filed a motion to suppress all evidence seized as a result of his arrest and the search of his vehicle. The trial court granted appellee's motion, and the State of Texas brings this accelerated appeal. In one point of error, the State contends the trial court abused its discretion in granting the motion to suppress because the evidence suppressed was seized during the execution of a valid search warrant. We affirm.

Appellee was driving with a defective headlight. Officer Andrew Samarripa noticed the traffic violation and stopped appellee. As appellee was pulling his vehicle to the side of the road, Officer Samarripa noticed that the vehicle's license plate had expired. Appellee presented an expired driver's license, and, based on these violations, Officer Samarripa informed appellee that he would not be allowed to drive the vehicle any further. Officer Beull subsequently arrived at the scene, opened the passenger's side door, and shined a flashlight inside the vehicle, despite appellee's refusal to consent to a vehicle search. Inside appellee's vehicle, Officer Beull found burnt cigarette paper and detected the odor of marijuana. Later, the officers discovered prescription pills and called in a trained drug detection dog. The dog alerted to the odor of a narcotic, and based on the foregoing facts, the officers obtained a search warrant. While executing that warrant, the officers discovered in the vehicle a stolen credit card. The court suppressed the credit card evidence.

 In its sole point of error, the State contends the trial court erred in granting the motion to suppress evidence of the stolen credit card. It contends that the initial search of the vehicle was subsequent to the officers' decision to arrest appellee and to impound appellee's vehicle for lack of proper registration; therefore, the officers were conducting an authorized inventory search. Both parties contend we should review the trial court's ruling on the motion to suppress for an abuse of discretion, and this is the correct standard when the trial court's fact findings are based on an evaluation of the credibility and demeanor of the witnesses. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). We also apply the abuse of discretion standard when the trial court applies the law to a fact question, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* However, we review *de novo* "mixed questions of law and fact" not falling within this category. *See id.* When faced with a mixed question of law and fact, the critical question under *Guzman* is whether the ruling "turns" on an evaluation of credibility and demeanor. *See Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Crim.App.1998). The crucial question in this case is the propriety of Officer Buell's initial search of the vehicle, which search formed the basis for searching further and eventually locating the stolen credit card. Because the facts regarding this search are undisputed, the court's order did not "turn" on an evaluation of credibility and demeanor. Accordingly, the order is subject to a *de novo* review.

 Given the above facts, we discern four possible bases for the search of appellee's vehicle: an inventory search, a search incident to an arrest, a weapon search, and a search pursuant to a warrant. On appeal, however, the State strictly contends Officer Buell's initial search of the vehicle was an inventory search. Even if the State had argued in its brief that the search was incident to appellee's arrest, it waived this contention by failing to raise it in the trial court. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex.Crim.App.1998) (*holding that in a State's appeal, the State waives all points not argued at trial*). In addition, while the State argued at trial that the search was pursuant to a warrant,

if the evidence supporting the warrant was improperly obtained, the evidence obtained from executing the warrant was the fruit of an illegal search and was properly suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Ballard,* 987 S.W.2d 889, 893 (Tex.Crim.App.1999). Consequently, we turn to the issue of whether Officer Beull's initial search was a valid inventory or weapon search.

 An inventory search is permissible if it is conducted pursuant to lawful impoundment. *See Josey v. State,* 981 S.W.2d 831, 842 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). An impoundment is valid if the police place the driver under custodial arrest and thereafter have no other alternative to impoundment to insure protection of the vehicle.[1] *See id.* Without question, an inventory must follow an arrest; it cannot precede it. *See id; see also Jurdi v. State,* 980 S.W.2d 904, 906 (Tex.App.—Fort Worth 1998, pet. ref'd); *Perry v. State,* 933 S.W.2d 249, 252 (Tex.App.—Corpus Christi 1996, pet. ref'd). Therefore, it is crucial that we determine the point at which the officers arrested appellee.

The only evidence indicating the sequence of events germane to the arrest came from Officer Samarippa, the sole witness at the hearing:

Q: What was [Officer Beull's] probable cause for opening the door?

A: He just opened the door and just opened it up and smelled.

Q: Okay. And at that point Mr. Aguire was away from the car; is that correct?

A: Correct.

Q: And what happened next?

A: At that point we opened it up and—and we saw a cigarette paper and we picked it up and both him and I smelled it and it was the odor of marijuana, okay, and when we stepped back a bit and reapproached the vehicle, it had a faint smell of marijuana inside the front—front part –front and passenger side of the compartment,

Q: What happened next?

A: What happened next is that Aguirrre was taken into custody. He was read his rights.

Q: Okay.

A: And I –and then I asked him if he wanted to make any statements and he said he exercised his Fifth Amendment right. So we placed him inside the car.

Officer Samarippa also testified:

Q: [Y]ou had searched the car earlier to that though, correct, didn't you, at some point before you got the search warrant? You said Beull searched the car –

A: No.

Q: -when he went in with a flashlight-

A: No. He didn't search it. He looked. He found that. *Then we went to do the arrest inventory* and then we started up in the front compartment and then we found the Seldane and then we stopped everything right there.

 This evidence establishes that Officer Beull's initial search of the vehicle occurred prior to appellee's arrest and that the inventory did not begin until after Officer Beull found the cigarette paper and smelled the odor of marijuana. Consequently, the initial search was not an inventory search, and we must determine whether the officer's initial entry into the vehicle was permissible as a weapons search.

 A police officer is authorized, for his own protection, to conduct a reasonable search for weapons where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest that individual for a crime. *See Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct.

---

1. Other circumstances give rise to a valid impoundment. *See Josey,* 981 S.W.2d at 842. However, the record evidence and the State's arguments only support the noted basis.

1868, 20 L.Ed.2d 889 (1968). A police officer investigating a suspect after a roadside stop may conduct a protective search of the automobile's passenger compartment if he has a reasonable belief, based upon specific and articulable facts and the inferences rationally drawn from those facts, that the detainee may pose a threat to him. *See Michigan v. Long*, 463 U.S. 1032, 1050–51, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Goodwin v. State*, 799 S.W.2d 719, 727–28 (Tex.Crim.App.1990). The search must be limited to those areas in which a weapon may be placed or hidden. *See Long*, 463 U.S. at 1049, 103 S.Ct. 3469. The police officer may conduct the protective search for weapons contemporaneously with a temporary detention when he observes conduct that leads him to reasonably conclude that a crime may be taking place and that the person with whom he is dealing may be armed and dangerous. *See Worthey v. State*, 805 S.W.2d 435, 437 (Tex.Crim.App.1991).

■ Officer Samarippa testified that appellee was evasive in his answers, more nervous than an average traffic violator, and answered questions with another question. The record also contains the following testimony:

> Q: And so we're understanding, you didn't ever feel like he was a danger to you, did you, Deputy?
>
> A: Not at that particular time, no.

We find that these are not specific and articulable facts to establish that appellee posed a threat to either officer or, for that matter, any other person. Accordingly, the initial search cannot be upheld as a weapons search.

■ Because Officer Beull's initial search was not a permissible inventory or weapons search, the search was illegal, and the evidence found during the execution of

the search warrant, based on the observation of cigarette rolling paper and the odor of burnt marijuana, was the fruit of an illegal search.[2] Having discerned no basis for the initial search of the vehicle, we overrule the State's sole point of error and affirm the judgment of the trial court.

---

**2.** The State argues, in the alternative, that if this Court concludes the officers were not conducting a proper vehicle inventory, the taint of the illegal search was sufficiently attenuated by the search warrant. *See generally Johnson v. State*, 871 S.W.2d 744 (Tex.Crim.

App.1994). However, as we previously noted, the State cannot rely on appeal on grounds not raised in the trial court. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex.Crim.App. 1998).