CAREY FREDERICK SPARKS V. STATE

NO. 07-00-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2000

______________________________

CAREY FREDERICK SPARKS, JR.,

Appellant

v

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF DALLAS COUNTY;

NO. F-98-21159-QJ; HON. ROBERT FRANCIS, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Carey Frederick Sparks, Jr. (appellant) pled nolo contendre to the offense of possession of a controlled substance, namely methamphetamine, for which he was sentenced to three years of community supervision and a $500 fine.  Prior to appellant’s  plea, he filed a motion to suppress evidence which was denied by the trial court.  It is from that ruling that appellant now appeals.

In two points of error, appellant complains (1) that the trial court erred in denying the motion to suppress because there was no evidence of probable cause to stop the appellant or any evidence of specific articulable facts allowing the stop, and (2) that the search of appellant exceeded the scope of protective pat-down.  We affirm the trial court’s ruling.

Background

On May 16, 1998, Officer Kyle Bratcher, a three and one-half year veteran of the Farmer’s Branch Police Department, was working patrol in his marked police car.  At approximately 11:00 p.m. on that date, Officer Bratcher noticed an 18-wheeler parked behind a business area at Valley View and Interstate 35.  The officer testified that although the presence of the 18-wheeler in the vicinity of the closed businesses was not unusual, the presence of a car pulled up facing the semi with its headlights on, car door open and engine running raised his suspicion.  Furthermore, Officer Bratcher noticed that someone was sitting inside the semi’s cab smoking a cigarette and someone else was in the lighted sleeper area “bent over like he was doing something.”  

Officer Bratcher drove around the building where the semi and car were parked waiting for the car to leave.  Once the car left, the officer testified that he stopped it for weaving in and out of lanes of traffic and “cross[ing] the broken white line.”  Officer Bratcher further testified that he approached appellant’s vehicle, determined that appellant was not intoxicated, asked appellant to step out of the car and for permission to search the car and performed a pat-down for officer safety.  Outside the car, appellant placed his hand on his right back trouser pocket “like he was shoving something down in there.”  According to Officer Bratcher, he asked appellant what was in his pocket to which appellant replied “nothing.”  Furthermore, the position of appellant’s hand prevented the officer from seeing the item appellant attempted to hide.

Becoming afraid that appellant might be concealing a weapon, the officer ordered appellant to remove his hand from his pocket.  Appellant’s compliance with the directive revealed a box-type pack of Marlboro cigarettes.  The officer testified that because there are numerous pistols that are small enough to be contained within a cigarette box, he removed the box from appellant’s pocket and opened it.  At that time, the officer noticed plastic baggies containing narcotics within the box.  Appellant was then arrested. 

Standard of Review

Whether the trial court erred in denying the motion depends upon whether it abused its discretion.   
 Benitez v. State, 
5 S.W.3d 915, 918 (Tex. App. – Amarillo 1999, pet. ref’d.).  Whether it abused its discretion depends upon whether, given the record before it and the applicable law, the decision fell outside the zone of reasonable disagreement.   
Id.

Next, while questions of law are subject to unfettered 
de novo
 review, the same is not necessarily true with regard to mixed questions of law and fact.  That is, the application of law to fact is a mixed question of law and fact.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to facts before it.  The same deference is afforded the trial court’s determination of the historical facts involved. 
Id
.  In all other situations, we review, de novo, the manner in which the law is applied. 
 Id
. 

Point of Error One

In his first point of error, appellant argues that the trial court erred in denying appellant’s motion to suppress because there was no evidence of probable cause to stop the appellant or any evidence showing specific articulable facts allowing the stop.  We disagree.

Notwithstanding the testimony of Officer Bratcher as to events occurring prior to stopping appellant for lane weaving, the mere violation of traffic law obviates the necessity for probing those early facts for probable cause to stop appellant.  
See Whren v. United States
, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); 
State v. McCall
, 929 S.W.2d 601 (Tex.App.–San Antonio 1996, no pet.) (holding that observing an automobile without a license plate light afforded the officer probable cause to arrest). 

In his official report, Officer Bratcher stated that he stopped appellant for failing to maintain a single lane, that “[appellant] crossed the broken white line” and “went across the line and then back into his lane.”  At the time of the traffic stop, nothing more was required to establish probable cause.  A law enforcement officer may stop and detain a person for a traffic violation regardless of the officer’s subjective reasons for the detention.  
Garcia v. State, 
827 S.W.2d 937, 944-45 (Tex.Crim.App.1992); 
see also 
Tex. Trans. Code Ann
.   § 543.001 (Vernon 1999) (stating that any peace officer may arrest without warrant a person found committing a violation of subtitle C of title 7 of the Transportation Code).  Furthermore, section 545.060(a)(1) of subtitle C, title 7 of said Code requires one driving a vehicle to do so “as practical entirely within a single lane.”  Therefore, upon witnessing a violation of section 545.060(a)(1), Bratcher had probable cause and the legal authority to stop appellant.  

Appellant also argues that there is “no actual violation” because officer Bratcher could not remember where the violation occurred and, therefore, his testimony lacks credibility. 
 As the sole trier of fact at a hearing on a motion to suppress evidence, the trial court is free to believe or disbelieve all or any part of any witness's testimony.
  Villareal v. State
, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); 
Allridge v. State
, 850 S.W.2d 471, 492 (Tex.Crim.App.1991).  The trial court is the sole judge of the credibility of the witnesses and of the weight to be given their testimony.  
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  An appellate court is in no position to second-guess the trial court with regard to the credibility of the witnesses, and the trial court's determination concerning the credibility should not be disturbed absent a clear abuse of discretion.  
LaSalle v. State
, 923 S.W.2d 819 (Tex.App–Amarillo 1996, pet. ref’d).  In sum, the trial court’s decision did not fall outside the zone of reasonable disagreement.  Therefore, it did not abuse its discretion, and we overrule point one.

Point of Error Two

In his second point of error, appellant complains that the officer exceeded the lawful scope of a weapons frisk because it was not reasonable for him to fear that a weapon would be found in a “matchbox” and that he did not have probable cause to believe that contraband would be inside.
(footnote: 1)   We disagree.

The legality of a search and seizure turns on whether it comes within the rule announced by the United States Supreme Court in 
Terry v. Ohio
, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which allows a protective search for weapons in the absence of probable cause to arrest.  The rationale of 
Terry
 is that it is unreasonable to deny a police officer the right to neutralize the threat of physical harm when he possesses an articulable suspicion that an individual is armed and dangerous. 392 U.S. at 24, 88 S.Ct. at 1881; 
Worthey v. State
, 805 S.W.2d 435, 439 (Tex. Crim. App. 1991) (stating that the officer need only have a reasonable belief that the person may be armed and dangerous).  A limited frisk or pat-down for weapons for one's protection is authorized when an officer, given the totality of the circumstances at the time, can conclude on some objective, reasonable basis that his safety is in danger.  392 U.S. at 27, 88 S.Ct. 1868; 
Salazar v. State
, 893 S.W.2d 138, 143-44 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd).  The purpose of a limited search after an investigatory stop is not to discover evidence of crime, but to allow the peace officer to pursue investigation without fear of violence.  
Wood v. State
, 515 S.W.2d 300, 306 (Tex.Crim.App.1974). However, we note that the search must be restricted to those areas in which a weapon could be placed or hidden.
 State v. Aguirre
, 5 S.W.3d 911, 915 (Tex. App.–Houston [14
th
 Dist.] 1999, no pet.).  

We have already concluded that a valid traffic stop occurred.  During that stop, appellant pushed an object down in the pocket of his pants.  Given the location of appellant’s hand, the officer could not see what the object was.  At that point, the officer grew concerned about whether appellant had a weapon since he “was attempting to hide something or keep me from seeing what was in his pocket.”  When the appellant eventually moved his hand, the  aforementioned cigarette box was discovered.  Bratcher testified 1) that he suspected that a gun was being hidden, 2) that he knew of firearms small enough to fit into the container, and 3) that he could not determine the contents of the box without opening it given its hard, cardboard sides. So, acting on these articulable suspicions, the officer removed the box from appellant’s pocket and, in the process of determining whether or not it contained a weapon, discovered the contraband in question.

The circumstances at bar are not unlike those in 
Worthey v. State
.  There, during a stop, the suspect made a sudden movement by attempting to hide a purse from the police.  These gestures were enough to create a reasonable belief that the detainee may be armed and dangerous.  
Worthey v. State
, 805 S.W.2d at 439.  Here, appellant too made a furtive gesture during the stop and attempted to conceal an object on his person.  This coupled with the time of night (11:00 p.m.) and the officer’s knowledge of guns small enough to fit within the cigarette box provided sufficient indicia upon which he could reasonably conclude that appellant and the box may pose danger to him.  And, when the contents of the box could not be determined by squeezing it, the officer was authorized to open it.  
Worthey v. State
, 805 S.W.2d at 439 (noting that the officer was entitled to search the purse for weapons when manipulating the outside of it was inadequate to reveal its contents).
(footnote: 2)   

In sum, the record contains evidence from which the trial court could have held that 1)  the officer had reasonable basis to fear for his safety and 2) the search was restricted to those areas wherein a weapon could be found.  At the very least, such a decision would not be outside the zone of reasonable disagreement.  Thus, we again find no abused discretion and overrule the second point as well.

Finding no abuse of discretion by the trial court in denying appellant’s motion to suppress, we affirm the judgment.

Brian Quinn

      Justice

Do not publish.

FOOTNOTES
1:
We note that there is no evidence of record suggesting that Officer Bratcher searched a matchbox.  Rather, the item searched was a hard-pack, flip-top cigarette package.

2:
That the container at bar was big enough to hold a small firearm, as opposed simply a razor blade, distinguishes the circumstances before us from those in 
Davis v. State
, 829 S.W.2d 218 (Tex. Crim. App. 1992) (wherein the court held that it was unreasonable for two officers to fear a razor blade that may be in a matchbox).