NO. 07-03-0103-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 16, 2003



______________________________




IN RE CHRISTOPHER W. BUNCH, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)

 In this original proceeding relator Christopher W. Bunch seeks a writ of mandamus
directing the district court to conduct a hearing on his motion to obtain a copy of the record
in his prosecution for the felony offense of possession of a controlled substance. For the
reason set out below, we deny relator's request.

 Relator was convicted of possession of methamphetamine in cause number 13,131-B in the 181st District Court and sentenced to 35 years confinement in the Institutional
Division of the Texas Department of Criminal Justice. 

 According to relator's petition, he filed a motion in the 181st District Court on
December 3, 2002, requesting a "free copy of the trial court records" or, in the alternative,
the loan of such records, in cause number 13,131-B, and attached an affidavit of
indigence. With his motion, relator states he filed a request to the district clerk for a hearing
date. Neither the trial court or the district clerk have made any response to his motion. 

 Although relator's petition contains several defects in form, see Tex.R.App.Proc.
52.3, there are more substantive reasons why it must be denied.

 We first consider our jurisdiction to act on relator's request. Relator apparently
seeks the records to assist him with his pursuit of post-conviction relief. Under Article
11.07 of the Code of Criminal Procedure, post-conviction writs of habeas corpus in felony
cases are returnable to the Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07 §3
(Vernon Supp. 2003). The Corpus Christi court of appeals recently concluded that it
lacked jurisdiction over a petition similar to that filed by relator. In re Trevino, 79 S.W.3d
794 (Tex.App.-Corpus Christi 2002) (orig. proceeding). In that case, though, the court of
appeals was asked to compel the district court to forward copies of records to the relator
"to assist him in his post-conviction relief efforts." Id. at 795; see also Escobar v. State, 880
S.W.2d 782, 783 (Tex.App.-Houston [1st Dist.] 1993, no pet.). Here, relator's petition
simply asks that we direct the district court to hold a hearing and determine whether he is
entitled to the records he seeks. (2) We would not presume the outcome of such a hearing,
nor would we even presume that the district court would find that it had jurisdiction to grant
relator's request. We do not lack jurisdiction, though, to direct that a district court consider
and rule on a motion properly filed and before that court. See In re Christensen, 39 S.W.3d
250 (Tex.App.-Amarillo 2000) (orig. proceeding). 

 At this court's request, the Honorable John B. Board, Judge of the 181st District
Court, has submitted a response to relator's petition. Judge Board states that his court's
file does not contain the petition relator claims to have filed, and that he has no
independent recollection of having received such a pleading from relator. 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when there is no adequate remedy by appeal. Walker v. Packer, 827
S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). The writ sought by relator here,
directing the consideration of a pleading he has filed with a trial court, would issue only on
a clear showing that the respondent has a legal duty to perform a nondiscretionary or
ministerial act; that he has been requested to perform the act; and that he has refused to
do so. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig.
proceeding) (citing Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979)). The relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker, 827 S.W.2d at 837-39. Here, relator has failed to meet that burden.

 Naturally, if relator's motion was not properly filed with the district court, the court
can have no duty with respect to it. Moreover, even if relator filed such a motion, he has
not provided this court with a record showing that, after he filed the motion, he asked the
district court for a hearing and a ruling on the motion and the district court refused him such
a hearing and ruling. As in Barnes, the record before us does not reflect that relator has
taken any action to alert the district court that it has not yet considered his motion. Barnes, 
832 S.W.2d at 426. Indeed, we have nothing in the record before us to demonstrate that
the district court even was aware of relator's motion before our request for the court's
response. We have only the statement in relator's petition that he filed with his motion a
request to the district clerk for a hearing date. Such a statement falls considerably short
of the record required to demonstrate relator's entitlement to the extraordinary relief of
mandamus. (3) See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig.
proceeding); Christensen, 39 S.W.3d at 251; Barnes, 832 S.W.2d at 426. 

 The petition for writ of mandamus is denied. 

 Per curiam. 

1. Tex.R.App.Proc. 47.4.
2. There is authority that indigent criminal defendants are generally not entitled to free
clerk's or reporter's records from their conviction for the purpose of preparing applications
for post-conviction habeas corpus relief. See, In re Trevino, supra; Escobar, supra. We
need not consider here whether relator is entitled to the records he seeks. 
3. On direct appeal of his conviction to this court, appellant's challenges included
claims of ineffective assistance of counsel. After addressing each of the alleged
deficiencies shown in the record, we then considered relator's challenge to the standard
for determining the effectiveness of counsel on direct appeal. He there argued that the use
of a presumption that counsel rendered adequate assistance with respect to any issue not
appearing in the record violated his right to counsel under the sixth amendment to the U.S.
Constitution. Bunch v. State, No. 07-01-171-CR, at 14 (Tex.App.-Amarillo June 3, 2002,
no pet.). This is so, he argued, because the avenue for developing evidence of
ineffectiveness not shown in the record through habeas corpus is inadequate because,
unlike on direct appeal, he would not have assistance of counsel. Id. We noted that this
court is constrained to follow the law as enunciated by the Court of Criminal Appeals,
overruled his challenges, and affirmed his conviction on June 3, 2002. Id. We recognize
that relator's difficulties with this pro se petition may illustrate the concern he expressed on
direct appeal. We cannot excuse relator from the requirement that he demonstrate
entitlement to the relief he requests, though, simply because he is proceeding pro se. See
In re Chavez, 62 S.W.3d 225, 227 (Tex.App.-Amarillo 2001) (orig. proceeding); Barnes,
832 S.W.2d at 426.


m. App. 2005). This deference encompasses both the trial court’s authority to assess
the credibility of the witnesses and the authority to disbelieve both controverted as well as
uncontroverted testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
Like deference, however, is not afforded to the trial court’s application or interpretation of
the law; that we consider de novo. Ford v. State, 158 S.W.3d at 493. 
          Next, it is noted that appellant contests the pat-down that uncovered the drugs, not
the initial stop. And, because that pat-down occurred during an investigatory detention, we
must remember that such a detention is temporary and lasts no longer than necessary to
effectuate the purposes of the stop. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). Furthermore, reasonable suspicion is required after a traffic stop to prolong the
detention once the purpose of the stop has been completed. Haas v. State, 172 S.W.3d
42, 52 (Tex. App.–Waco 2005, pet. ref’d); McQuarters v. State, 58 S.W.3d 250, 256 (Tex.
App.–Fort Worth 2001, pet. ref’d). Yet, as part of a traffic stop, an officer may require the
detainee to identify himself, produce a valid driver’s license and proof of insurance, detain
the individual for a period of time reasonably sufficient to check for outstanding warrants,
question the individual about his destination and the purpose of the trip, and request him
to step out of his vehicle. Strauss v. State, 121 S.W.3d 486, 491 (Tex. App.–Amarillo
2003, pet. ref’d).  
          Moreover, a protective search for weapons is also authorized when, under the
totality of the circumstances at the time, an officer can conclude on some objective,
reasonable basis that his safety is endangered. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct.
1868, 1883, 20 L.Ed.2d 889 (1968). Nonetheless, the search must be restricted to those
areas in which a weapon could be placed or hidden. State v. Aguirre, 5 S.W.3d 911, 915
(Tex. App.–Houston [14th Dist.] 1999, no pet.).
          Application of Law
          The record of the suppression hearing does not disclose whether the purpose of the
traffic stop had been completed by the time Trooper Jones patted down the large bulge
appearing in appellant’s groin area. And, while appellant cited to evidence admitted at trial
which he apparently thought addressed the matter, we cannot consider it for the Court of
Criminal Appeals has restricted our review to the record developed at the suppression
hearing.


 O’Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000). 
          Yet, the record does disclose that at the time of the pat-down in question, the
troopers had yet to perform a complete pat-down; both appellant and his passenger had
been extremely nervous; appellant had avoided eye contact with Jones; appellant had
refused to step out of the vehicle when asked; appellant was wearing a large coat on a mild
day; appellant had hesitated in removing his hands from his pockets when directed to do
so; appellant had a “massive” bulge in his right groin area; appellant’s answers to questions
did not match those of his passenger; and, Trooper Jones stated that she was concerned
for her safety and that of her fellow officer. This evidence, if believed, was sufficient to give
an officer reasonable basis to conduct a pat-down search. See Spillman v. State, 824
S.W.2d 806, 808-12 (Tex. App.–Austin, 1992, pet. ref’d) (finding the pat-down search to
be valid when the defendant visibly shook, avoided eye contact, had a bulge in the area
of his crotch, the driver and passenger gave conflicting stories, and the officer testified he
was worried about his safety and that of the other officers). This is especially so since
Trooper Jones had not patted-down anything other than appellant’s coat the first time,
there were other areas on appellant’s person (such as his pants) where appellant could
have hidden a weapon, and the inconsistencies in the stories uttered by appellant and
Perez did not arise until after the initial protective search. In other words, circumstances
continued to arise after the first pat-down which justified both further detention and
investigation. And, we have been cited to no authority holding that once a cursory pat-down for weapons occurs, a more thorough pat-down cannot occur when circumstances
continue to arise which do not allay suspicion and fear but rather enhance it. Nor were we
cited to authority holding that a cursory pat-down of one area of a detainee’s body
somehow prevents an officer from conducting a subsequent pat-down of other areas when
circumstances justifying the initial pat-down remain. 
          Appellant’s issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice    
            
Do not publish.