NO. 07-07-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2008

_____

RAMON  U. SANCHEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,577; HON. BRADLEY S. UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ramon U. Sanchez challenges his conviction for possessing a controlled substance with intent to deliver.  His sole issue involves the trial court's decision to deny his motion to suppress.  We affirm the conviction.

*Background*

Corporal Katrina Jones and Trooper Rafael Torres initiated a traffic stop on a vehicle driven by appellant for his failure to wear a seat belt.  Jesus Perez was a passenger

in the vehicle. As Jones approached the vehicle and began a conversation with appellant, he and Perez were so nervous that their hands shook. Indeed, appellant's hands shook so bad that he was unable to open the glove compartment to locate his proof of insurance. Jones also asked appellant several times to step out of the vehicle but this he did not do. Instead, the trooper had to direct him to look at her and follow her instructions before he complied. When appellant finally exited the vehicle, Jones noted that he was wearing a large red jacket on a mild day and was reluctant to remove his hands from his pockets when asked to do so. Jones also observed a large bulge in appellant's right groin area. The trooper then patted down appellant's jacket pockets for weapons, left appellant by the patrol car, and walked to where Perez was located.

Jones asked Torres to speak to Perez in Spanish. Upon doing so, she learned that appellant and his passenger gave conflicting information. As a result, Jones returned to appellant and performed another pat-down for weapons. This one encompassed the bulge in appellant's right groin area and resulted in the discovery of a plastic bag containing methamphetamine.

*Standard of Review and Applicable Law*

We review the trial court's ruling on a motion to suppress by affording great deference to its interpretation of historical facts. *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). This deference encompasses both the trial court's authority to assess the credibility of the witnesses and the authority to disbelieve both controverted as well as uncontroverted testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Like deference, however, is not afforded to the trial court's application or interpretation of the law; that we consider *de novo. Ford v. State,* 158 S.W.3d at 493.

2

Next, it is noted that appellant contests the pat-down that uncovered the drugs, not the initial stop. And, because that pat-down occurred during an investigatory detention, we must remember that such a detention is temporary and lasts no longer than necessary to effectuate the purposes of the stop. *Davis v. State,* 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). Furthermore, reasonable suspicion is required after a traffic stop to prolong the detention once the purpose of the stop has been completed. *Haas v. State,* 172 S.W.3d 42, 52 (Tex. App.–Waco 2005, pet. ref'd); *McQuarters v. State,* 58 S.W.3d 250, 256 (Tex. App.–Fort Worth 2001, pet. ref'd). Yet, as part of a traffic stop, an officer may require the detainee to identify himself, produce a valid driver's license and proof of insurance, detain the individual for a period of time reasonably sufficient to check for outstanding warrants, question the individual about his destination and the purpose of the trip, and request him to step out of his vehicle. *Strauss v. State,* 121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref'd).

Moreover, a protective search for weapons is also authorized when, under the totality of the circumstances at the time, an officer can conclude on some objective, reasonable basis that his safety is endangered. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). Nonetheless, the search must be restricted to those areas in which a weapon could be placed or hidden. *State v. Aguirre,* 5 S.W.3d 911, 915 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

*Application of Law*

The record of the suppression hearing does not disclose whether the purpose of the traffic stop had been completed by the time Trooper Jones patted down the large bulge

appearing in appellant's groin area. And, while appellant cited to evidence admitted at trial which he apparently thought addressed the matter, we cannot consider it for the Court of Criminal Appeals has restricted our review to the record developed at the suppression hearing.[1] *O'Hara v. State,* 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).

Yet, the record does disclose that at the time of the pat-down in question, the troopers had yet to perform a complete pat-down; both appellant and his passenger had been extremely nervous; appellant had avoided eye contact with Jones; appellant had refused to step out of the vehicle when asked; appellant was wearing a large coat on a mild day; appellant had hesitated in removing his hands from his pockets when directed to do so; appellant had a "massive" bulge in his right groin area; appellant's answers to questions did not match those of his passenger; and, Trooper Jones stated that she was concerned for her safety and that of her fellow officer. This evidence, if believed, was sufficient to give an officer reasonable basis to conduct a pat-down search. *See Spillman v. State,* 824 S.W.2d 806, 808-12 (Tex. App.–Austin, 1992, pet. ref'd) (finding the pat-down search to be valid when the defendant visibly shook, avoided eye contact, had a bulge in the area of his crotch, the driver and passenger gave conflicting stories, and the officer testified he was worried about his safety and that of the other officers). This is especially so since Trooper Jones had not patted-down anything other than appellant's coat the first time, there were other areas on appellant's person (such as his pants) where appellant could have hidden a weapon, and the inconsistencies in the stories uttered by appellant and Perez did not arise until after the initial protective search. In other words, circumstances

---

[1]The trial testimony does not necessarily help appellant because Jones testified that she did not have any information back on appellant's driver's license at the time of the second search.

4

continued to arise after the first pat-down which justified both further detention and investigation. And, we have been cited to no authority holding that once a cursory pat-down for weapons occurs, a more thorough pat-down cannot occur when circumstances continue to arise which do not allay suspicion and fear but rather enhance it. Nor were we cited to authority holding that a cursory pat-down of one area of a detainee's body somehow prevents an officer from conducting a subsequent pat-down of other areas when circumstances justifying the initial pat-down remain.

Appellant's issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.