NO. 07-07-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2008
______________________________

RAMON U. SANCHEZ, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,577; HON. BRADLEY S. UNDERWOOD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Ramon U. Sanchez challenges his conviction for possessing a controlled substance
with intent to deliver. His sole issue involves the trial court’s decision to deny his motion
to suppress. We affirm the conviction.
          Background
          Corporal Katrina Jones and Trooper Rafael Torres initiated a traffic stop on a
vehicle driven by appellant for his failure to wear a seat belt. Jesus Perez was a passenger
in the vehicle. As Jones approached the vehicle and began a conversation with appellant,
he and Perez were so nervous that their hands shook. Indeed, appellant’s hands shook
so bad that he was unable to open the glove compartment to locate his proof of insurance. 
Jones also asked appellant several times to step out of the vehicle but this he did not do. 
Instead, the trooper had to direct him to look at her and follow her instructions before he
complied. When appellant finally exited the vehicle, Jones noted that he was wearing a
large red jacket on a mild day and was reluctant to remove his hands from his pockets
when asked to do so. Jones also observed a large bulge in appellant’s right groin area. 
The trooper then patted down appellant’s jacket pockets for weapons, left appellant by the
patrol car, and walked to where Perez was located.
          Jones asked Torres to speak to Perez in Spanish. Upon doing so, she learned that
appellant and his passenger gave conflicting information. As a result, Jones returned to
appellant and performed another pat-down for weapons. This one encompassed the bulge
in appellant’s right groin area and resulted in the discovery of a plastic bag containing
methamphetamine. 
          Standard of Review and Applicable Law
          We review the trial court’s ruling on a motion to suppress by affording great
deference to its interpretation of historical facts. Ford v. State, 158 S.W.3d 488, 493 (Tex.
Crim. App. 2005). This deference encompasses both the trial court’s authority to assess
the credibility of the witnesses and the authority to disbelieve both controverted as well as
uncontroverted testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
Like deference, however, is not afforded to the trial court’s application or interpretation of
the law; that we consider de novo. Ford v. State, 158 S.W.3d at 493. 
          Next, it is noted that appellant contests the pat-down that uncovered the drugs, not
the initial stop. And, because that pat-down occurred during an investigatory detention, we
must remember that such a detention is temporary and lasts no longer than necessary to
effectuate the purposes of the stop. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). Furthermore, reasonable suspicion is required after a traffic stop to prolong the
detention once the purpose of the stop has been completed. Haas v. State, 172 S.W.3d
42, 52 (Tex. App.–Waco 2005, pet. ref’d); McQuarters v. State, 58 S.W.3d 250, 256 (Tex.
App.–Fort Worth 2001, pet. ref’d). Yet, as part of a traffic stop, an officer may require the
detainee to identify himself, produce a valid driver’s license and proof of insurance, detain
the individual for a period of time reasonably sufficient to check for outstanding warrants,
question the individual about his destination and the purpose of the trip, and request him
to step out of his vehicle. Strauss v. State, 121 S.W.3d 486, 491 (Tex. App.–Amarillo
2003, pet. ref’d).  
          Moreover, a protective search for weapons is also authorized when, under the
totality of the circumstances at the time, an officer can conclude on some objective,
reasonable basis that his safety is endangered. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct.
1868, 1883, 20 L.Ed.2d 889 (1968). Nonetheless, the search must be restricted to those
areas in which a weapon could be placed or hidden. State v. Aguirre, 5 S.W.3d 911, 915
(Tex. App.–Houston [14th Dist.] 1999, no pet.).
          Application of Law
          The record of the suppression hearing does not disclose whether the purpose of the
traffic stop had been completed by the time Trooper Jones patted down the large bulge
appearing in appellant’s groin area. And, while appellant cited to evidence admitted at trial
which he apparently thought addressed the matter, we cannot consider it for the Court of
Criminal Appeals has restricted our review to the record developed at the suppression
hearing.


 O’Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000). 
          Yet, the record does disclose that at the time of the pat-down in question, the
troopers had yet to perform a complete pat-down; both appellant and his passenger had
been extremely nervous; appellant had avoided eye contact with Jones; appellant had
refused to step out of the vehicle when asked; appellant was wearing a large coat on a mild
day; appellant had hesitated in removing his hands from his pockets when directed to do
so; appellant had a “massive” bulge in his right groin area; appellant’s answers to questions
did not match those of his passenger; and, Trooper Jones stated that she was concerned
for her safety and that of her fellow officer. This evidence, if believed, was sufficient to give
an officer reasonable basis to conduct a pat-down search. See Spillman v. State, 824
S.W.2d 806, 808-12 (Tex. App.–Austin, 1992, pet. ref’d) (finding the pat-down search to
be valid when the defendant visibly shook, avoided eye contact, had a bulge in the area
of his crotch, the driver and passenger gave conflicting stories, and the officer testified he
was worried about his safety and that of the other officers). This is especially so since
Trooper Jones had not patted-down anything other than appellant’s coat the first time,
there were other areas on appellant’s person (such as his pants) where appellant could
have hidden a weapon, and the inconsistencies in the stories uttered by appellant and
Perez did not arise until after the initial protective search. In other words, circumstances
continued to arise after the first pat-down which justified both further detention and
investigation. And, we have been cited to no authority holding that once a cursory pat-down for weapons occurs, a more thorough pat-down cannot occur when circumstances
continue to arise which do not allay suspicion and fear but rather enhance it. Nor were we
cited to authority holding that a cursory pat-down of one area of a detainee’s body
somehow prevents an officer from conducting a subsequent pat-down of other areas when
circumstances justifying the initial pat-down remain. 
          Appellant’s issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice    
            
Do not publish.



proper jury argument, a defendant must object, request an instruction
to disregard, and move for mistrial. Cockrell v. State 933 S.W.2d 73, 89 (Tex.Cr.App.
1996); Cook v. State, 858 S.W.2d 467, 473 (Tex.Cr.App. 1993). Error, if any, was not
preserved for review. 

 Article 42.07 of the Texas Code of Criminal Procedure provides that before
pronouncing sentence, the defendant shall be asked whether he has anything to say why 
sentence should not be pronounced. Appellant contends he was denied this right. The
record, however, demonstrates that after announcing the sentence, the court asked, "[i]s
there any reason why sentence should not be pronounced today other than what you've
suggested already"? Defense counsel answered, "[n]o, sir." This contention is also
meritless.

 By the Anders brief, counsel raised numerous claims of ineffective assistance of trial
counsel and relying on recent decisions from the Court of Criminal Appeals conceded that
the claims are difficult to review on direct appeal. Appellant raises 18 claims of ineffective
assistance in his pro se response, some of which overlap with counsel's. As stated
previously, the appropriate vehicle for developing a record to support ineffective assistance
claims is by filing a post-conviction writ of habeas corpus. See Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon Supp. 2004). However, there is no right to counsel to mount a collateral
attack on a conviction. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95
L.Ed.2d 539 (1987); Ex parte Graves, 70 S.W.3d 103, 111 (Tex.Cr.App. 2002).

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578
(Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 

 





1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).