COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-263-CR

NO. 2-07-264-CR

 

 

 

MARSHALL ADAMS, JR.                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
 DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant Marshall Adams, Jr. appeals his
convictions for theft of a vehicle and evading arrest or detention using a
vehicle.  In his sole point, appellant
contends that the trial court erred by denying his motion to suppress the
evidence obtained using a Abait@
vehicle.  We affirm.

 








Background Facts

The Fort Worth Police Department=s Covert
Organized Bait Recovery and Apprehension (COBRA) program deploys Abait@
vehicles in areas of the City with a high rate of auto thefts.  According to the testimony of Fort Worth
Detective Ward Robinson, who was a part of the auto theft unit for six years, a
bait car is any vehicle equipped by the City to catch persons who have a
tendency to commit car thefts.  The COBRA
vehicles are equipped with a computer monitoring system that remotely controls
a GPS system, door locks, and an engine kill switch that turns the vehicle
off.  In addition, the vehicle has
monitoring equipment that covertly alerts police whenever the car has been
opened, entered, or moved in any way. 
After the computer system is activated by a person who opens and enters
the vehicle, on-board recording devices are activated to visually and audibly
record what takes place in the vehicle.  









On June 30, 2006, police used a 1999 Ford
Expedition sport utility vehicle (SUV) as a bait car and placed it on Crenshaw
Street in the Poly Tech area of Fort Worth. 
The police left the SUV with the doors unlocked, the windows down, and
the keys sitting in plain sight on the console. 
In the early morning of June 30, police received a report that the
system in that car had detected that the door had been opened and that there
was movement within the vehicle.  After
being alerted by dispatch that the SUV was now mobile, police moved into a
position to intercept it.  Once police
spotted the described vehicle and matched the license plate, they pulled out
behind it and activated their overhead lights. 
The driver of the SUV responded to the police action by speeding off and
leading the police on a multi-block chase that culminated in the SUV crashing
into a parked vehicle.  Once the SUV came
to a stop, appellant, who had been driving, fled the vehicle on foot, but
police eventually apprehended him.

A trial court subsequently found appellant guilty
of theft of a vehicle and evading arrest or detention using a vehicle and
assessed punishment at fifteen years=
confinement.  Appellant timely filed this
appeal.

Standard of Review








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24B25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we
give almost total deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex.
Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002).  But when
application-of-law-to-fact questions do not turn on the credibility and demeanor
of the witnesses, we review the trial court=s
rulings on those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  Wiede, 214 S.W.3d at 24; State v.
Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s
ruling, supports those fact findings.  Kelly,
204 S.W.3d at 818B19.  We then review the trial court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.  Id. at 819.

When the record is silent on the reasons for the
trial court=s ruling, or when there are no
explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.  Id.;
see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal ruling de novo unless
the implied fact findings supported by the record are also dispositive of the
legal ruling.  Kelly, 204 S.W.3d
at 819.

We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.  State v. Stevens, 235 S.W.3d 736,
740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

Analysis








Appellant contends that the trial court abused
its discretion by denying  his motion to
suppress evidence obtained using the bait car because the use of bait cars
violates article 2.13 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 2.13 (Vernon 2005).  Specifically,
appellant argues that by leaving the SUV=s doors
unlocked, the windows rolled down, and the keys on the console, the police
facilitated the theft of the bait car in violation of their duty to prevent or
suppress crime and in violation of public policy.  See id.








This case appears to be an issue of first
impression.  When discerning the meaning
of a statute, we begin with its plain language. 
Getts v. State, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005); Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  We focus our attention on the literal text of
the statute in question.  Getts, 155
S.W.3d at 155; Boykin, 818 S.W.2d at 785.  If that language is clear and unambiguous,
the plain meaning of those words is applied. 
Getts, 155 S.W.3d at 155; Boykin, 818 S.W.2d at 785; State
v. Verhoeven, 151 S.W.3d 637, 639 (Tex. App.CFort
Worth 2004, pet. ref=d).  But if the plain language leads to an absurd
result that the legislature could not have possibly intended, or if the
language is ambiguous, we may consider extra-textual factors to determine the statute= s
meaning.  Getts, 155 S.W.3d at
155; Boykin, 818 S.W.2d at 785; Verhoeven, 151 S.W.3d at
639.  For example, if a statute may be
interpreted reasonably in two different ways, a court may consider the
consequences of differing interpretations in deciding which interpretation to
adopt.  Verhoeven, 151 S.W.3d at
639.  If one interpretation yields absurd
results while the other interpretation yields no such absurdities, the latter
interpretation is preferred.  Id.

The Texas Code of Criminal Procedure article 2.13
provides

(a) It is the duty of every peace
officer to preserve the peace within the officer=s jurisdiction.  To effect this purpose, the officer shall use
all lawful means.

 

(b) The officer shall:

 

(1) In every case authorized by the
provisions of this code, interfere without warrant to prevent or suppress
crime.

 

Tex. Code Crim. Proc. Ann. art. 2.13.  

Generally, the legislature determines public
policy.  FM Props. Operating Co. v.
City of Austin, 22 S.W.3d 868, 873 (Tex. 2000) (holding power to make rules
and determine public policy is legislative); Westchester Fire Ins. Co. v.
Admiral Ins. Co., 152 S.W.3d 172, 182 (Tex. App.CFort
Worth 2004, pet. denied).  Courts look to
state statutes and judicial decisions to determine public policy.  Westchester, 152 S.W.3d at 182.  Additionally, our supreme court is highly
deferential to the legislature when determining this state=s public
policy, stating that 

[p]ublic policy . . . is
a term of vague and uncertain meaning, which it pertains to the law-making
power to define, and courts are apt to encroach upon the domain of that branch
of government if they characterize a transaction as invalid because it is
contrary to public policy, unless the transaction contravenes some positive
statute or some well-established rule of law.








Tex. Commerce Bank, N.A. v. Grizzle, 96
S.W.3d 240, 250 (Tex. 2002); Westchester, 152 S.W.3d at 182.








Appellant alleges that a bait car program
violates law enforcement=s duty to preserve peace and
prevent and suppress crime.  Appellant
attempts to distinguish his case from Phillips v. State, which, although
involving a different statute, is similar in that it involves a situation in
which police provided an opportunity to commit a crime.  161 S.W.3d 511, 511 (Tex. Crim. App. 2005).
In that case, the court of criminal appeals held that a minor informant
recruited by a Texas Alcoholic Beverage Commission (TABC) agent to enforce the
alcoholic beverage code through conducting a sting operation inside a bar was
not a criminal trespasser.  Id.  The Texas Alcoholic Beverage Code expressly
provides that minors cannot be held criminally liable for possession or
purchase of alcohol if they are assisting TABC officers.  See Tex.
Alco. Bev. Code Ann. ' 101.04
(Vernon Supp. 2008); Phillips, 161 S.W.3d at 514.  The court stated that it would be absurd for
the legislature to pass such legislation if it did not also intend for the
minors to have access to the targets of the sting operations without being held
criminally liable for trespass.  Id.  Additionally, the court noted that a Ano
trespassing by persons under 21@ sign
could not be applicable to confidential informants because it would destroy the
State=s
ability to create the opportunity required to effectuate an undercover
sting.  Id. at 514B15.  Such an interpretation would render many of
the alcoholic beverage code provisions regarding the sale of alcohol to minors
practically unenforceable.  Id. at
515.  Further, the court also held that
no laws were violated by police officers in such a situation.  Id. 

Whether using a bait car or a minor informant,
the police are providing an opportunity for criminals to act illegally in an
effort to enforce a particular law.  Just
as preventing a peace officer=s ability
to create an opportunity for alcohol to be sold to minors does not conflict
with legislative intent to enforce the Texas Alcoholic Beverage Code,
preventing police from using bait cars to create an opportunity for thieves to
steal vehicles does not conflict with code of criminal procedure article
2.13.  See id.  Bait car programs do not conflict with
article 2.13 because the use of bait cars allows police to catch criminals that
have already decided to steal vehicles, regardless of whether the vehicle is a
bait car. 

Here, construing the plain language of the
statute to allow the use of a bait car program does not lead to absurd results
unintended by the legislature because, by utilizing the bait car program in
areas with a high rate of auto thefts, the police fulfill their duty to
suppress crime by apprehending those already inclined to steal cars, thus
providing a deterrence to auto theft.  








Appellant also argues that the police=s action
in baiting people to steal vehicles violates public policy as a matter of
law.  Although the legislature has not
expressly authorized bait car programs, neither has it prohibited such
programs.  We have already determined
that the bait car program does not conflict with article 2.13 of the code of
criminal procedure; likewise, public policy concerns of preventing auto thefts
outweigh any competing concern about the participation of police in such
programs.








Moreover, although appellant specifically denied
that he was making an entrapment argument at trial, appellant=s
argument that the police violated their duty by facilitating the crime appears
to be such a defense.  See Tex. Penal Code Ann. ' 8.06
(Vernon 2003).  However, an entrapment
defense does not apply when police merely afford a person the opportunity to
commit a crime.  Reese v. State,
877 S.W.2d 328, 333 (Tex. Crim. App. 1994); Barnes v. State, 70 S.W.3d
294, 304 (Tex. App.CFort Worth, 2002, pet. ref=d).  When the criminal intent originates in the
mind of the accused, the fact that police provided the opportunity for
the crime to be committed is not a defense to prosecution.  Barnes, 70 S.W.3d at 304.  Thus, the Fort Worth bait car program does
not constitute entrapment because the police did not induce appellant into
driving a car that he was not entitled to operate.  This court has so held in the past.  See Keeton v. State, No.
02-07-00243-CR, 2008 WL 755294, at *3 (Tex. App.CFort
Worth Mar. 20, 2008, no pet.) (mem. op., not designated for publication)
(holding that a Fort Worth bait car merely afforded appellant the opportunity
to steal a truck and officers did not, in any way, entrap him).  

Because we hold that a bait car program does not
violate law enforcement=s duty to prevent and suppress
crime under article 2.13, nor does it violate the public policy of the State of
Texas, we further hold that the trial court did not abuse its discretion by
denying appellant=s motion to suppress the
evidence. We overrule his sole point.

Conclusion

Having overruled appellant=s sole
point, we affirm the trial court=s
judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

PUBLISH

 

DELIVERED: August 29, 2008