# NOS. 12-10-00120-CR
# 12-10-00121-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,* *APPELLANT* | § | *APPEAL FROM THE173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SAMANTHA D. RODRIGUEZ,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State of Texas appeals the trial court's suppression of evidence in the criminal cases against Samantha D. Rodriguez. Appellee raises two cross–issues. We affirm.

### BACKGROUND

Police officers in Henderson County, Texas, began an investigation of a suspected gambling business called Sassy's Game Room in 2009. As part of that investigation, the officers had two cooperating individuals assist them. Those individuals went to the business and gambled on slot machines located there on several occasions. The officers drafted an application for a search warrant on the basis of the information gathered by those two individuals. A judge issued a search warrant, and the officers executed it, collecting evidence from the business and a residence on the same property.

A Henderson County grand jury indicted Appellee, who owned the property with her husband, for the felony offenses of keeping a gambling place, gambling promotion, possession of a gambling device, and engaging in organized criminal activity. Appellee filed a motion to suppress. At the hearing on the motion, the State did not call any witnesses. Appellee and her

husband, who was also charged, presented evidence including their own testimony. They testified that the two cooperating individuals had been banned from the premises. The State argued that the magistrate properly found that the search warrant affidavit alleged facts sufficient to provide probable cause. Appellee argued that the evidence must be suppressed because the cooperating individuals broke the law to gather the evidence that served as the basis for the search warrant. Appellee also argued that the search warrant application did not furnish probable cause to search the house on the property.

The trial court granted Appellee's motion to suppress because it found that the cooperating individuals obtained evidence by violating the law, specifically by trespassing. The State appealed.

## FOUR CORNERS RULE

In its first issue, the State asserts that the trial court should not have considered any evidence not contained in the affidavit submitted in support of the search warrant application.

**Applicable Law**

A search warrant is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before the magistrate. TEX. CODE CRIM. PROC. ANN. art. § 18.01 (Vernon Supp. 2010). A search warrant must be supported by probable cause, and the facts supporting probable cause must be included in an affidavit that sets forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *Id*. § 18.01(c). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527 (1983)).

Generally, we review a trial court's ruling on a motion to suppress for an abuse of discretion. *See Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000); *see also Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). An appellate court must view the evidence in the

2

light most favorable to the trial court's ruling.   *See **State v. Kelly***, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).   We afford almost total deference to a trial court's determination of historical facts.   *See **Montanez v. State***, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).   We do not engage in our own factual review; we determine only whether the record supports the trial court's ruling. *See **Rocha***, 16 S.W.3d at 12.

When reviewing whether a search warrant is supported by probable cause either in a motion to suppress or on appeal, the question is whether the affidavit itself provides a substantial basis to conclude that probable cause existed.   *See **Swearingen v. State***, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004).   This is called the four corners rule because review of whether there was probable cause to support an arrest or a search warrant is limited to the four corners of the affidavit. ***Hankins v. State***, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004) (citing ***Jones v. State***, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992)).

## Analysis

The State's argument that the four corners rule forecloses evaluation of illegal conduct in the procurement of a warrant is misplaced.   The four corners rule "applies only to the assessment of probable cause."   *See **Smith v. State***, 207 S.W.3d 787, 794 (Tex. Crim. App. 2006).   While Appellee did argue that the search warrant was not supported by probable cause, the trial court did not suppress the evidence for lack of probable cause.   Instead, the trial court found that the evidence to support the search warrant was gathered by virtue of an illegal trespass by the cooperating individuals and suppressed the evidence on the basis of Article 38.23, Texas Code of Criminal Procedure.

The Supreme Court has created exclusionary rules for searches without probable cause and custodial interrogations that do not meet certain requirements, and Texas has incorporated those rules into Article 38.22 and Article 38.23, Texas Code of Criminal Procedure.   *See **Wilson v. State***, 311 S.W.3d 452, 458 (Tex. Crim. App. 2010).   The Texas exclusionary rule is coextensive with the interpretations of the Constitution from the Supreme Court, but goes further to exclude evidence that is obtained illegally.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005); ***Miles v. State***, 241 S.W.3d 28, 35 (Tex. Crim. App. 2007) ("The Texas Legislature enacted an exclusionary rule broader than its federal counterpart."); ***Pierce v. State***, 32 S.W.3d 247, 251 n.7 (Tex. Crim. App. 2000) ("The statute that was the predecessor of the first sentence of Article

38.23 was enacted in 1925."); *see generally* 40 George E. Dix & Robert O. Dawson, CRIMINAL PRACTICE AND PROCEDURE §§ 4.11-.35 (2d ed. 2001) (discussing the distinctions between the federal constitutional exclusionary law and the Texas statutory exclusionary rule; noting that "Article 38.23 of the Code of Criminal Procedure imposes what is probably the broadest state exclusionary requirement of any American jurisdiction.").

The State argues, based on *Carroll v. State*, 911 S.W.2d 210 (Tex. App.–Austin 1995, no pet.), that Appellees' argument was an attack on the affidavit and was, therefore, limited to the four corners of the affidavit. The affidavit does not contain any information about a trespass by the cooperating individuals. The court in *Carroll* stated that a reviewing court could consider only the information brought to the magistrate's attention in "determining the validity of a search warrant affidavit" and concluded that the defendant's argument was barred by this principle because it relied on additional information. *Id*. at 218–19. However, the court considered as completely different "an independent claim based on the Texas statutory exclusionary rule which affords greater protection than the federal and state constitutional provisions." *Id*. at 219. The court ultimately held that Article 38.23(a) did not require exclusion of evidence because it credited the trial court's implicit finding that a trespass did not occur. *See id*. at 222. But it treated the argument as separate and distinct from an attack on the existence of probable cause to support a search warrant.

Evidence collected from a search warrant that is obtained on the basis of illegally procured evidence must be suppressed. *See Brown v. State*, 605 S.W.2d 572, 577 (Tex. Crim. App. 1980), *overruled on other grounds by Hedicke v. State*, 779 S.W.2d 837 (Tex. Crim. App. 1989); *State v. Aguirre*, 5 S.W.3d 911, 914 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (because evidence supporting search warrant was illegally obtained, evidence recovered by executing warrant was fruit of illegal search). The State did not argue to the trial court that the cooperating individuals did not violate the law and does not challenge the trial court's finding that they trespassed to gather evidence. Because Appellee's argument that the cooperating individuals conducted an illegal search was not an attack on the probable cause to support the search warrant, the four corners rule is inapplicable. Accordingly, we overrule the State's first issue.

## GOOD FAITH

In its second issue, the State asserts that the "trial court erred in ruling that the State's

4

actions violated Article 38.23(a) of the Texas Code of Criminal Procedure given the 'objective good faith' exception of Article 38.23(b)."

**Applicable Law**

Texas law provides that evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States, shall not be admitted in evidence against the accused on the trial of any criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23(a). There is an exception to this broad exclusionary rule. Specifically, evidence is to be admitted if it was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause. *Id*. art. 38.23(b).

**Analysis**

Whether a search warrant obtained on the basis of illegally obtained evidence should be invalidated if the officers who sought it acted in good faith is an interesting question. Professors Dix and Dawson write that the warrant process should not be used to "cure" or "launder" an earlier impropriety. *See* 40 George E. Dix & Robert O. Dawson, CRIMINAL PRACTICE AND PROCEDURE § 31.351 (2d ed. 2001). This is a sensible conclusion, but it presupposes an impropriety by the same officers who sought the warrant and does not address specifically a situation where the state actor proceeded in good faith. Indeed, it is well established that evidence obtained from a search warrant must be suppressed if the officer's earlier illegal conduct provided the basis for the search warrant. *See*, *e.g.*, **State v. Guo**, 64 S.W.3d 662, 668 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (evidence obtained pursuant to the warrant was properly suppressed in case where information obtained from illegal warrantless search was used to establish probable cause for the warrant); **Aguirre**, 5 S.W.3d at 914–15 (evidence recovered by executing warrant was fruit of an earlier and illegal search). In a case similar to this one, the Texarkana court of appeals held that the fruits of a search warrant would have to be suppressed if a private citizen trespassed to gather the evidence that supports the probable cause for the search warrant. *See* **Martin v. State**, 67 S.W.3d 340, 343–44 (Tex. App.–Texarkana 2001, pet. ref'd).[1]

---

[1] The **Martin** case did not involve the Article 38.23(b) good faith exception, and the court held that the witness did not trespass and the defendant consented to the search. In this case, the State has not argued that the cooperating individuals did not trespass or that Appellees consented to the search of their property.

Therefore, the exception created by Article 38.23(b) may best be read to encompass cases where there is some problem with the warrant itself or the procedural steps in its procurement, or, possibly, where the officer is unaware of the underlying illegality. The exception embodied in Article 38.23 requires a showing that the officer acted in good faith in reliance on a warrant, that the warrant was issued by a neutral magistrate, and that it was based on probable cause. The State did not argue to the trial court that the officers acted in good faith and did not present evidence that the officers acted in good faith. Consequentially, the trial court never passed on the issue of whether the officers acted in good faith, and there is no evidence that the officers were unaware, if they were, that the cooperating individuals were committing an offense by trespassing on Appellee's property.

The State argues that it is impermissible burden shifting for Appellee to argue that the State failed to assert that the evidence was admissible because the officers acted in good faith. The statute does not specifically address who bears the burden to establish good faith. However, in the context of the federal exclusionary rule, the burden is on the state to establish good faith in the execution of a flawed warrant. *Cf.* *United States v. Leon*, 468 U.S. 897, 924, 104 S. Ct. 3405, 3421, 82 L. Ed. 2d 677 (1984) (in context of federal exclusionary rule, burden on state to establish good faith). The State is certainly correct to assert that Appellee could have called the officers as witnesses, but there is a more fundamental problem with the State's position. As an appellate court, we review a trial court's determinations. In this case, the trial court made a determination that the evidence was illegally obtained. The State does not challenge that conclusion. And the trial court's determination never went beyond Article 38.23(a) to determine whether the good faith exception found in Article 38.23(b) applied because no party asked it to do so.[2] Indeed, the trial court made a number of factual findings and legal conclusions, none of which touched on the issue of whether the officers acted in good faith.

Generally, arguments that are not presented to the trial court are waived regardless of whether it is the state or a defendant who appeals. *See* *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998); TEX. R. APP. P. 33.1. The state can raise, for the first time on appeal, the issue

---

[2] Addressing the decision in *Wilson v. State*, 311 S.W.3d 452, 459 (Tex. Crim. App. 2010), Appellee's husband's counsel made a passing reference to good faith not being applicable in this case. There was not a search warrant in the *Wilson* case, and the State did not respond to counsel's argument.

6

of standing when appealing from an adverse ruling on a motion to suppress. *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). This is so because the fact that a defendant has a privacy interest in the premises searched is an implied, if not express, affirmative finding when a trial court suppresses evidence. *Id*. Good faith is different. It is described by the statute as an exception to the general rule, and the trial court did not make any finding, implied or express, on the issue of good faith.[3]

Because the State never asked the trial court to rule on the issue of whether the search was permissible pursuant to the good faith exception contained in Article 38.23(b), and because the trial court never ruled on that issue, the State may not raise this issue for the first time on appeal. *See State v. Johnston*, 305 S.W.3d 746, 761 (Tex. App.–Fort Worth 2009) (state may not raise good faith exception to Article 38.23(a) for the first time on appeal), *rev'd on other grounds*, No. PD-1736-09, 2011 Tex. Crim. App. LEXIS 388 (Tex. Crim. App. Mar. 16, 2011). We overrule the State's second issue.

## PUBLIC DUTY

In its third issue, the State argues that the cooperating individuals were acting in the public interest and so their trespass was not illegal.

### Applicable Law

Texas law provides that criminal conduct is justified if "the actor reasonably believes the conduct is required or authorized by law." TEX. PENAL CODE ANN. § 9.21 (Vernon 2003). As relevant here, the justification is available if "the actor reasonably believed his conduct is required or authorized to assist a public servant in the performance of his official duty, even though the servant exceeds his lawful authority." *Id*. § 9.21(d)(2).

In a case similar to this one, the State argued that an minor child was justified in trespassing because she was doing so at the behest of a law enforcement officer. *See Phillips v. State*, 161

---

[3] Although it is dicta, there is language in the *Carroll* opinion that suggests the state does not have the burden to raise and prove good faith pursuant to Article 38.23(b). *See Carroll*, 911 S.W.2d at 223 ("There was . . . no showing that the non-lawyer deputy sheriff acted in any other manner than 'in objective good [faith] reliance upon' the warrant in obtaining the evidence."). The *Carroll* opinion was authored by Judge Onion. Judge Onion also authored *State v. Hancock*, Nos. 03-98-00634-CR, 03-98-00672-CR, 03-98-00697-CR, 2000 Tex. App. LEXIS 575, at *33 (Tex. App.–Austin Jan. 27, 2000, no pet.) (mem. op., not designated for publication), in which the court held that the State could not raise the issue of good faith for the first time on appeal.

S.W.3d 511, 513 (Tex. Crim. App. 2005). There, the court did not rule on the justification argument because it held that the minors were not trespassers. This was so because the regulatory scheme for the sale of alcoholic beverages permits authorities to use minors to enforce alcohol sale laws and because the establishment had, by registering with the state, consented to inspection by Texas Alcoholic Beverage Commission. *See id*. at 514–15.[4]

## Analysis

The testimony credited by the trial court established that the owners had banned the specific cooperating individuals from the premises because of their own prior misconduct on the premises. Therefore, this is not a situation where a citizen standing in a police officer's shoes is justified in undertaking certain acts because a police officer is empowered to do things a citizen may not. *See*, *e.g.*, *Miles v. State*, 241 S.W.3d 28, 45 (Tex. Crim. App. 2007) (evidence not barred by Article 38.23 if police officer may act as private citizen did to obtain evidence). In the context of trespass law, this court has held that a police officer's conduct is justified by Section 9.21 when he reasonably believes his conduct is required or authorized by law. *Linthicum v. State*, No. 12-02-00353-CR, 2004 Tex. App. LEXIS 4867, at *11–12 (Tex. App.–Tyler May 28, 2004, pet. ref'd) (mem. op., not designated for publication). In the context of a burglary, the court of criminal appeals has held that an individual who is not an agent of the police does not violate the law, and thereby trigger the Article 38.23(a) exclusionary rule, if he commits a burglary with the intent to turn material over to the police. *See Jenshke v. State*, 147 S.W.3d 398, 402 (Tex. Crim. App. 2004).

The State did not argue to the court that the cooperating individuals were justified in their trespass and did not present evidence to suggest that the individuals were justified. The State argues that it did raise this issue by referring to the *Phillips* decision. To the trial court, the State argued that the trespass in this case "was not considered a criminal act" because it was analogous to the *Phillips* case where the minor child acted at the request of Texas Alcoholic Beverage Commission (TABC)officers to enter the premises. As we discussed above, the *Phillips* opinion

---

[4] Texas law provides that licensed operators of music and skill or pleasure coin operated machines consent to entry by the comptroller or a peace officer during business hours to ensure compliance with the law. *See* TEX. OCCUP. CODE ANN. §§ 2153.001, 2153.351 (Vernon 2004). The State does not argue that Appellee consented to entry into their business by virtue of being licensed, and it is not clear that this statute would apply to this case because the issue was not litigated in the trial court.

briefly referred to Section 9.21, but the court's conclusion that the minor child did not trespass rested on the child's derivative right to enter the premises because the establishment had consented to entry by the TABC or its representatives. Here, the State never referred to Section 9.21, and its brief reference to the *Phillips* case was not sufficient to apprise the court that it was arguing that the trespass was justified by Section 9.21. *See* TEX. R. APP. P. 33.1.

The trial court made no ruling on whether the cooperating individuals were justified in their trespass because they were acting at the behest of law enforcement officers or whether they reasonably believed their conduct was authorized or could be authorized. Accordingly, there are no written or implicit factual findings or conclusions of law presented for our review, and so we are unable to conclude that the trial court abused its discretion. We overrule the State's third issue.

## CROSS-ISSUES

In two cross-issues, Appellee asserts that the trial court erred in failing to suppress the evidence because the cooperating individuals engaged in illegal gambling and in not reaching their argument that there was not probable cause for a search of the residence.

The trial court properly declined to suppress the evidence because the cooperating individuals engaged in gambling. Article 38.23 does not require a trial court to suppress evidence gathered from every violation of law. *See Wilson*, 311 S.W.3d at 459. Instead, the purpose of "article 38.23(a) is to deter unlawful actions which violate the rights of criminal suspects in the acquisition of evidence for prosecution." *Id*. The *Wilson* case involved a complicated determination as to whether the tampering with or fabricating physical evidence statute is directly related to the acquisition and use of evidence in criminal investigations. *Id*. at 454, 459. A divided court held that it is, and barred admission of a confession obtained as a result of a forensic report fabricated by a police officer. *Id*. at 464.

By contrast, the laws against gambling were not enacted to protect the rights of those operating gambling halls, and are unrelated to the purpose of the exclusionary rule or to the prevention of the illegal procurement of evidence of crime. *See id*. We overrule Appellee's first cross–issue.

We need not address Appellee's second cross–issue as to whether the search warrant

9

affidavit contained probable cause to support a search of the residence because the trial court suppressed all of the evidence obtained as a result of the search warrant. As such, we overrule Appellee's second cross-issue as moot.

## DISPOSITION

Having overruled the State's three issues and Appellee's two cross–issues, we ***affirm*** the judgment of the trial court.


    **SAM GRIFFITH**    
Justice


Opinion delivered May 25, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

10