NOS.
12-10-00118-CR

     
12-10-00119-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

THE
STATE OF TEXAS,                                 §                 APPEAL FROM
THE173RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

JOHN WENCESLAO RODRIGUEZ,

APPELLEE                                                        §                 HENDERSON
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

The
State of Texas appeals the trial court’s suppression of evidence in the
criminal cases against John Wenceslao Rodriguez.  Appellee raises two
cross–issues.  We affirm. 

 

Background

Police
officers in Henderson County, Texas, began an investigation of a suspected
gambling business called Sassy’s Game Room in 2009.  As part of that
investigation, the officers had two cooperating individuals assist them.  Those
individuals went to the business and gambled on slot machines located there on
several occasions.  The officers drafted an application for a search warrant on
the basis of the information gathered by those two individuals.  A judge issued
a search warrant, and the officers executed it, collecting evidence from the
business and a residence on the same property. 

A
Henderson County grand jury indicted Appellee, who owned the property with his
wife, for the felony offenses of keeping a gambling place, gambling promotion,
possession of a gambling device, and engaging in organized criminal activity. 
Appellee filed a motion to suppress.  At the hearing on the motion, the State
did not call any witnesses.  Appellee and his wife, who was also charged,
presented evidence including their own testimony.  Appellee and his wife
testified that the two cooperating individuals had been banned from the
premises.  As a consequence, Appellee argued that their entry onto the property
was a trespass.  The State argued that the magistrate properly found that the
search warrant affidavit alleged facts sufficient to provide probable cause. 
Appellee argued that the evidence must be suppressed because the cooperating
individuals broke the law to gather the evidence that served as the basis for
the search warrant.  Appellee also argued that the search warrant application
did not furnish probable cause to search the house on the property.  

The
trial court granted Appellee’s motion to suppress because it found that the
cooperating individuals obtained evidence by violating the law, specifically by
trespassing.  The State appealed.

 

Four Corners Rule

            In
its first issue, the State asserts that the trial court should not have
considered any evidence not contained in the affidavit submitted in support of
the search warrant application.

Applicable
Law

A
search warrant is a written order, issued by a magistrate and directed to a
peace officer, commanding him to search for any property or thing and to seize
the same and bring it before the magistrate.  Tex.
Code Crim. Proc. Ann. art. § 18.01 (Vernon Supp. 2010).  A search
warrant must be supported by probable cause, and the facts supporting probable
cause must be included in an affidavit that sets forth facts establishing that
(1) a specific offense has been committed, (2) the item to be seized
constitutes evidence of the offense or evidence that a particular person
committed the offense, and (3) the item is located at or on the person, place,
or thing to be searched.  Id. § 18.01(c).  Probable cause
for a search warrant exists if, under the totality of the circumstances
presented to the magistrate, there is at least a “fair probability” or
“substantial chance” that contraband or evidence of a crime will be found at
the specified location.  See Flores v. State, 319 S.W.3d 697, 702
(Tex. Crim. App. 2010) (citing Illinois v. Gates, 462 U.S. 213,
238, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527 (1983)). 

Generally,
we review a trial court’s ruling on a motion to suppress for an abuse of
discretion.  See Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim. App.
2000); see also Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim.
App. 2008).  An appellate court must view the evidence in the light most
favorable to the trial court’s ruling.  See State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  We afford almost total deference to a
trial court’s determination of historical facts.  See Montanez v.
State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).  We do not engage in
our own factual review; we determine only whether the record supports the trial
court’s ruling.  See Rocha, 16 S.W.3d at 12. 

When
reviewing whether a search warrant is supported by probable cause either in a
motion to suppress or on appeal, the question is whether the affidavit itself
provides a substantial basis to conclude that probable cause existed.  See Swearingen
v. State, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004).  This is
called the four corners rule because review of whether there was probable cause
to support an arrest or a search warrant is limited to the four corners of the
affidavit.  Hankins v. State, 132 S.W.3d 380, 388 (Tex. Crim.
App. 2004) (citing Jones v. State, 833 S.W.2d 118, 123 (Tex.
Crim. App. 1992)).  

Analysis

The
State’s argument that the four corners rule forecloses evaluation of illegal
conduct in the procurement of a warrant is misplaced.  The four corners rule
“applies only to the assessment of probable cause.”  See Smith v. State,
207 S.W.3d 787, 794 (Tex. Crim. App. 2006).  While Appellee did argue that the
search warrant was not supported by probable cause, the trial court did not
suppress the evidence for lack of probable cause.  Instead, the trial court
found that the evidence to support the search warrant was gathered by virtue of
an illegal trespass by the cooperating individuals and suppressed the evidence
on the basis of Article 38.23, Texas Code of Criminal Procedure.  

The
Supreme Court has created exclusionary rules for searches without probable
cause and custodial interrogations that do not meet certain requirements, and
Texas has incorporated those rules into Article 38.22 and Article 38.23, Texas
Code of Criminal Procedure.  See Wilson v. State, 311 S.W.3d 452,
458 (Tex. Crim. App. 2010).  The Texas exclusionary rule is coextensive with
the interpretations of the Constitution from the Supreme Court, but goes
further to exclude evidence that is obtained illegally.  See Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005); Miles v. State, 241 S.W.3d 28, 35 (Tex.
Crim. App. 2007) (“The Texas Legislature enacted an exclusionary rule broader
than its federal counterpart.”); Pierce v. State, 32 S.W.3d 247,
251 n.7 (Tex. Crim. App. 2000) (“The statute that was the predecessor of the
first sentence of Article 38.23 was enacted in 1925.”); see generally 40 George E. Dix & Robert O.
Dawson, Criminal Practice and Procedure §§ 4.11-.35
(2d ed. 2001) (discussing the distinctions between the federal constitutional
exclusionary law and the Texas statutory exclusionary rule; noting that
“Article 38.23 of the Code of Criminal Procedure imposes what is probably the
broadest state exclusionary requirement of any American jurisdiction.”). 

The
State argues, based on Carroll v. State, 911 S.W.2d 210 (Tex.
App.–Austin 1995, no pet.), that Appellee’s argument was an attack on the
affidavit and was, therefore, limited to the four corners of the affidavit. 
The affidavit does not contain any information about a trespass by the
cooperating individuals.  The court in Carroll stated that a
reviewing court could consider only the information brought to the magistrate’s
attention in “determining the validity of a search warrant affidavit” and
concluded that the defendant’s argument was barred by this principle because it
relied on additional information.  Id. at 218–19.  However, the
court considered as completely different “an independent claim based on the
Texas statutory exclusionary rule which affords greater protection than the
federal and state constitutional provisions.”  Id. at 219.  The
court ultimately held that Article 38.23(a) did not require exclusion of
evidence because it credited the trial court’s implicit finding that a trespass
did not occur.  See id. at 222.  But it treated the argument as
separate and distinct from an attack on the existence of probable cause to
support a search warrant.  

Evidence
collected from a search warrant that is obtained on the basis of illegally
procured evidence must be suppressed.  See Brown v. State, 605
S.W.2d 572, 577 (Tex. Crim. App. 1980), overruled on other grounds by Hedicke
v. State, 779 S.W.2d 837 (Tex. Crim. App. 1989); State v. Aguirre,
5 S.W.3d 911, 914 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (because
evidence supporting search warrant was illegally obtained, evidence recovered
by executing warrant was fruit of illegal search).  The State did not argue to
the trial court that the cooperating individuals did not violate the law and
does not challenge the trial court’s finding that they trespassed to gather
evidence.  Because Appellee’s argument that the cooperating individuals
conducted an illegal search was not an attack on the probable cause to support
the search warrant, the four corners rule is inapplicable.  Accordingly, we
overrule the State’s first issue.

Good Faith

In
its second issue, the State asserts that the “trial court erred in ruling that
the State’s actions violated Article 38.23(a) of the Texas Code of Criminal
Procedure given the ‘objective good faith’ exception of Article 38.23(b).”

Applicable
Law

Texas
law provides that evidence obtained by an officer or other person in violation
of any provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States, shall not be admitted in evidence
against the accused on the trial of any criminal case.  Tex. Code Crim. Proc. Ann. art. 38.23(a).  There is an
exception to this broad exclusionary rule.  Specifically, evidence is to be
admitted if it was obtained by a law enforcement officer acting in objective
good faith reliance upon a warrant issued by a neutral magistrate based on
probable cause.  Id. art. 38.23(b).  

Analysis

Whether
a search warrant obtained on the basis of illegally obtained evidence should be
invalidated if the officers who sought it acted in good faith is an interesting
question.  Professors Dix and Dawson write that the warrant process should not
be used to “cure” or “launder” an earlier impropriety.  See 40 George E. Dix & Robert O.
Dawson, Criminal Practice and Procedure § 31.351
(2d ed. 2001).  This is a sensible conclusion, but it presupposes an
impropriety by the same officers who sought the warrant and does not address
specifically a situation where the state actor proceeded in good faith. 
Indeed, it is well established that evidence obtained from a search warrant
must be suppressed if the officer’s earlier illegal conduct provided the basis
for the search warrant.  See, e.g., State v. Guo,
64 S.W.3d 662, 668 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (evidence
obtained pursuant to the warrant was properly suppressed in case where
information obtained from illegal warrantless search was used to establish
probable cause for the warrant); Aguirre, 5 S.W.3d at 914–15
(evidence recovered by executing warrant was fruit of an earlier and illegal
search).  In a case similar to this one, the Texarkana court of appeals held
that the fruits of a search warrant would have to be suppressed if a private
citizen trespassed to gather the evidence that supports the probable cause for
the search warrant.  See Martin v. State, 67 S.W.3d 340, 343–44
(Tex. App.–Texarkana 2001, pet. ref’d).[1]
 

Therefore,
the exception created by Article 38.23(b) may best be read to encompass cases
where there is some problem with the warrant itself or the procedural steps in
its procurement, or, possibly, where the officer is unaware of the underlying
illegality.  The exception embodied in Article 38.23 requires a showing that the
officer acted in good faith in reliance on a warrant, that the warrant was
issued by a neutral magistrate, and that it was based on probable cause.  The
State did not argue to the trial court that the officers acted in good faith
and did not present evidence that the officers acted in good faith. 
Consequentially, the trial court never passed on the issue of whether the
officers acted in good faith, and there is no evidence that the officers were
unaware, if they were, that the cooperating individuals were committing an
offense by trespassing on Appellee’s property.

The
State argues that it is impermissible burden shifting for Appellee to argue
that the State failed to assert that the evidence was admissible because the
officers acted in good faith.  The statute does not specifically address who
bears the burden to establish good faith.  However, in the context of the
federal exclusionary rule, the burden is on the state to establish good faith
in the execution of a flawed warrant.  Cf. United States v. Leon,
468 U.S. 897, 924, 104 S. Ct. 3405, 3421, 82 L. Ed. 2d 677 (1984) (in context
of federal exclusionary rule, burden on state to establish good faith).  The
State is certainly correct to assert that Appellee could have called the
officers as witnesses, but there is a more fundamental problem with the State’s
position. As an appellate court, we review a trial court’s determinations.  In
this case, the trial court made a determination that the evidence was illegally
obtained.  The State does not challenge that conclusion.  And the trial court’s
determination never went beyond Article 38.23(a) to determine whether the good
faith exception found in Article 38.23(b) applied because no party asked it to
do so.[2]
 Indeed, the
trial court made a number of factual findings and legal conclusions, none of
which touched on the issue of whether the officers acted in good faith. 

Generally,
arguments that are not presented to the trial court are waived regardless of
whether it is the state or a defendant who appeals.  See State v. Mercado,
972 S.W.2d 75, 78 (Tex. Crim. App. 1998); Tex.
R. App. P. 33.1.  The state can raise, for the first time on appeal, the
issue of standing when appealing from an adverse ruling on a motion to
suppress.  State v. Klima, 934 S.W.2d 109, 111 (Tex. Crim. App.
1996).  This is so because the fact that a defendant has a privacy interest in
the premises searched is an implied, if not express, affirmative finding when a
trial court suppresses evidence.  Id.  Good faith is different. 
It is described by the statute as an exception to the general rule, and the
trial court did not make any finding, implied or express, on the issue of good
faith.[3]
  

Because
the State never asked the trial court to rule on the issue of whether the
search was permissible pursuant to the good faith exception contained in
Article 38.23(b), and because the trial court never ruled on that issue, the
State may not raise this issue for the first time on appeal.  See State
v. Johnston, 305 S.W.3d 746, 761 (Tex. App.–Fort Worth 2009) (state may
not raise good faith exception to Article 38.23(a) for the first time on
appeal), rev’d on other grounds, No. PD-1736-09, 2011 Tex. Crim. App.
LEXIS 388 (Tex. Crim. App. Mar. 16, 2011).  We overrule the State’s second
issue.

 

Public Duty

            In
its third issue, the State argues that the cooperating individuals were acting
in the public interest and so their trespass was not illegal.

Applicable
Law

            Texas
law provides that criminal conduct is justified if “the actor reasonably
believes the conduct is required or authorized by law.”  Tex. Penal Code Ann. § 9.21 (Vernon
2003).  As relevant here, the justification is available if “the actor
reasonably believed his conduct is required or authorized to assist a public
servant in the performance of his official duty, even though the servant
exceeds his lawful authority.”  Id. § 9.21(d)(2).  

            In
a case similar to this one, the State argued that a minor child was justified
in trespassing because she was doing so at the behest of a law enforcement
officer.  See Phillips v. State, 161 S.W.3d 511, 513 (Tex. Crim.
App. 2005).  There, the court did not rule on the justification argument
because it held that the minors were not trespassers.  This was so because the
regulatory scheme for the sale of alcoholic beverages permits authorities to
use minors to enforce alcohol sale laws and because the establishment had, by
registering with the state, consented to inspection by Texas Alcoholic Beverage
Commission.  See id. at 514–15.[4] 

Analysis

The
testimony credited by the trial court established that the owners had banned
the specific cooperating individuals from the premises because of their own
prior misconduct on the premises.  Therefore, this is not a situation where a citizen
standing in a police officer’s shoes is justified in undertaking certain acts
because a police officer is empowered to do things a citizen may not.  See,
e.g., Miles v. State, 241 S.W.3d 28, 45 (Tex. Crim. App.
2007) (evidence not barred by Article 38.23 if police officer may act as
private citizen did to obtain evidence).  In the context of trespass law, this
court has held that a police officer’s conduct is justified by Section 9.21
when he reasonably believes his conduct is required or authorized by law.  Linthicum
v. State, No. 12-02-00353-CR, 2004 Tex. App. LEXIS 4867, at *11–12
(Tex. App.–Tyler May 28, 2004, pet. ref’d) (mem. op., not designated for
publication).  In the context of a burglary, the court of criminal appeals has
held that an individual who is not an agent of the police does not violate the
law, and thereby trigger the Article 38.23(a) exclusionary rule, if he commits
a burglary with the intent to turn material over to the police.  See Jenshke
v. State, 147 S.W.3d 398, 402 (Tex. Crim. App. 2004).

The
State did not argue to the court that the cooperating individuals were
justified in their trespass and did not present evidence to suggest that the
individuals were justified.  The State argues that it did raise this issue by
referring to the Phillips decision.  To the trial court, the
State argued that the trespass in this case “was not considered a criminal act”
because it was analogous to the Phillips case where the minor
child acted at the request of Texas Alcoholic Beverage Commission (TABC) officers
to enter the premises.  As we discussed above, the Phillips opinion
briefly referred to Section 9.21, but the court’s conclusion that the minor
child did not trespass rested on the child’s derivative right to enter the
premises because the establishment had consented to entry by the TABC or its
representatives.  Here, the State never referred to Section 9.21, and its brief
reference to the Phillips case was not sufficient to apprise the
court that it was arguing that the trespass was justified by Section 9.21.  See
Tex. R. App. P. 33.1.   

The
trial court made no ruling on whether the cooperating individuals were
justified in their trespass because they were acting at the behest of law
enforcement officers or whether they reasonably believed their conduct was
authorized or could be authorized.  Accordingly, there are no written or
implicit factual findings or conclusions of law presented for our review, and
so we are unable to conclude that the trial court abused its discretion.  We
overrule the State’s third issue.

 

Cross-Issues

In
two cross-issues, Appellee asserts that the trial court erred in failing to
suppress the evidence because the cooperating individuals engaged in illegal
gambling and in not reaching his argument that there was not probable cause for
a search of the residence.

The
trial court properly declined to suppress the evidence because the cooperating
individuals engaged in gambling.  Article 38.23 does not require a trial court
to suppress evidence gathered from every violation of law.  See Wilson,
311 S.W.3d at 459.  Instead, the purpose of “article 38.23(a) is to deter
unlawful actions which violate the rights of criminal suspects in the
acquisition of evidence for prosecution.”  Id.  The Wilson
case involved a complicated determination as to whether the tampering with or
fabricating physical evidence statute is directly related to the acquisition
and use of evidence in criminal investigations.  Id. at 454,
459.  A divided court held that it is, and barred admission of a confession
obtained as a result of a forensic report fabricated by a police officer.  Id.
at 464.

By
contrast, the laws against gambling were not enacted to protect the rights of
those operating gambling halls, and are unrelated to the purpose of the exclusionary
rule or to the prevention of the illegal procurement of evidence of crime.  See
id.  We overrule Appellee’s first cross–issue.

We
need not address Appellee’s second cross–issue concerning whether the search
warrant affidavit contained probable cause to support a search of the residence
because the trial court suppressed all of the evidence obtained as a result of
the search warrant.  As such, we overrule Appellee’s second cross-issue as
moot.   

 

Disposition

Having
overruled the State’s three issues and Appellee’s two cross–issues, we affirm
the judgment of the trial court.

 

 

  
 SAM GRIFFITH   

  
Justice

 

 

Opinion delivered May 25, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
  
 
 
 
 
  
 












[1] The
Martin case did not involve the Article 38.23(b) good faith
exception, and the court held that the witness did not trespass and the
defendant consented to the search.  In this case, the State has not argued that
the cooperating individuals did not trespass or that consent was given to search
the property. 

 





[2] Addressing
the decision in Wilson v. State, 311 S.W.3d 452, 459 (Tex. Crim.
App. 2010), Appellee’s counsel made a passing reference to good faith not being
applicable in this case.  There was not a search warrant in the Wilson case,
and the State did not respond to counsel’s argument. 





[3] Although it is
dicta, there is language in the Carroll opinion that suggests the
state does not have the burden to raise and prove good faith pursuant to
Article 38.23(b).  See Carroll, 911 S.W.2d at 223 (“There was . .
. no showing that the non-lawyer deputy sheriff acted in any other manner than
‘in objective good [faith] reliance upon’ the warrant in obtaining the
evidence.”).  The Carroll opinion was authored by Judge Onion. 
Judge Onion also authored State v. Hancock, Nos. 03-98-00634-CR,
03-98-00672-CR, 03-98-00697-CR, 2000 Tex. App. LEXIS 575, at *33 (Tex.
App.–Austin Jan. 27, 2000, no pet.) (mem. op., not designated for publication),
in which the court held that the State could not raise the issue of good faith
for the first time on appeal.

  






[4] Texas law
provides that licensed operators of music and skill or pleasure coin operated
machines consent to entry by the comptroller or a peace officer during business
hours to ensure compliance with the law.  See Tex. Occup. Code Ann. §§ 2153.001, 2153.351 (Vernon 2004). 
The State does not argue that Appellees consented to entry into their business
by virtue of being licensed, and it is not clear that this statute would apply
to this case because the issue was not litigated in the trial court.